IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STASIA SCARVER,
ADC #714033                                                                                         PLAINTIFF

V.                                  CASE NO. 1:18-CV-17-DPM-BD

TONI BRADLEY, *et al*.                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party is free to file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be lost.

**II.**     **Discussion:**

A.  Background

Stasia Scarver, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer claiming that Defendant Kittrell acted

with deliberate indifference to her mental health needs.[1] (Docket entries #2, #6) Defendant Kittrell has now moved for summary judgment, arguing that Ms. Scarver failed to fully exhaust her administrative remedies before filing this lawsuit. (#36) Ms. Scarver has not responded to the motion, and it is ripe for review.

   B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of

---

[1] The Court previously dismissed Ms. Scarver's claims against Toni Bradley, the ADC, and Jackson County. (#7, #9) In addition, the Court dismissed Ms. Scarver's claims against Defendant Reeves based on her failure to exhaust her administrative remedies. (#35)

2

the grievance process does not excuse a failure to exhaust; nor does confusion about exhaustion requirements. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of his motion, Defendant Kittrell relies on the sworn statement of Shelly Byers, the Medical Grievance Coordinator for the ADC (#14-2), previously provided to the Court by former Defendant Reeves, as well as Ms. Scarver's grievance summary report. (#38-1) According to Ms. Byers's affidavit, Ms. Scarver did not fully exhaust any grievance relating to the claims raised in this lawsuit during the relevant time period. Specifically, Ms. Byers testifies that Ms. Scarver did not fully exhaust any grievances in 2017, and she did not fully exhaust any grievance in 2018, until April 18, 2018, which is more than a month after she filed this lawsuit. (#14-2 at p.1) Ms. Scarver's grievance summary report supports Ms. Byers's testimony. (#38-1)

Ms. Scarver has not offered any evidence to show that she did file a grievance against Defendant Kittrell, or that ADC officials prevented her from exhausting her administrative remedies. Because Ms. Scarver filed this lawsuit without first affording the ADC an opportunity to address her grievance through its administrative process, Defendant Kittrell is entitled to judgment as a matter of law.

### III. Conclusion:

Dr. Kittrell's motion for summary judgment (#36) should be GRANTED, and Ms. Scarver's claims against him should be DISMISSED, without prejudice.

DATED, this 18th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

3